# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF SOUTH CAROLINA

# ANDERSON DIVISION

| | |
|---|---|
| Cameron Crow Bagwell and Corey Darren Bagwell, )<br>)<br>)<br>)<br>Plaintiffs, )<br>vs. )<br>)<br>Gammill, Inc. and Jearld Ray Collins, )<br>)<br>Defendants. ) | **COMPLAINT**<br><br>C.A. No.: _____ |

Plaintiffs, by and through their undersigned counsel of record, will prove unto this honorable Court the following:

## PARTIES AND JURISDICTION

1. Plaintiffs Cameron Crow Bagwell and Corey Darren Bagwell (hereinafter, "Plaintiffs") are citizens and residents of the County of Spartanburg, State of South Carolina.

2. Defendant Gammill, Inc. (hereinafter, "Gammill") is, upon information and belief, a corporation formed under the laws of one of the states within the United States of America and having its principal place of business located in the State of Missouri.

3. Defendant Jearld Ray Collins (hereinafter, "Collins") is, upon information and belief, a citizen and resident of the County of Howell, State of Missouri and was at all times relevant hereto operating a 2016 Freightliner truck, VIN # 3ALACWDT7GDHM2553, on S.C. Highway 153 in the County of Anderson, State of South Carolina.

4.      Plaintiffs are informed and believe that this Court has jurisdiction over this matter in that there is complete diversity of citizenship by and between the Plaintiffs and the Defendants herein and the amounts in controversy exceed the sum of $75,000.00.

5.      Plaintiffs are informed and believe that venue is proper in this Court in that the events complained of herein occurred in Anderson County, South Carolina.

## FACTUAL ALLEGATIONS

6.      Plaintiffs are informed and believe that Collins was, at all times pertinent herein, acting within the course and scope of employment and/or contractual relationship with Gammill and, accordingly, therefore, Gammill is vicariously liable for all such actions and omissions of Collins pursuant to the doctrine of *respondeat superior*.

7.      On or about August 20, 2017, Plaintiffs were traveling southbound on S.C. Highway 153 in the County of Anderson, State of South Carolina on their 2013 Harley Davidson motorcycle.

8.      Plaintiff Corey Bagwell was driving the motorcycle, and Plaintiff Cameron Bagwell was his passenger seated behind him.

9.      At the same time, Collins was driving northbound on S.C. Highway 153 in a 2016 Freightliner truck owned or leased by Gammill.

10.     Collins attempted to make a left turn from S.C. Highway 153 into a private drive by crossing the southbound lanes of S.C. Highway 153 directly in front of Plaintiffs as they approached on their motorcycle in the southbound lanes of S.C. Highway 153.

11.     Collins failed to yield the right of way to Plaintiffs by turning in front of them which caused Plaintiffs to collide with the Freightliner truck driven by Collins.

12. As a direct and proximate result of this collision, Plaintiffs suffered injuries and damages as set forth hereinbelow.

### FOR A FIRST CAUSE OF ACTION
### AS TO DEFENDANT JEARLD RAY COLLINS
### (NEGLIGENCE)

13. The foregoing allegations contained in this Complaint are incorporated by reference herein as fully as if restated verbatim.

14. Collins was negligent, grossly negligent, reckless, willful and wanton in the following particulars, to wit:

  (a) in failing to keep a proper lookout;

  (b) in failing to keep the vehicle under proper control so as to avoid the collision;

  (c) In failing to yield the right of way;

  (d) In driving his vehicle in such a manner as to indicate either a willful or wanton disregard for the safety of Plaintiffs;

  (e) In failing to use the degree of care and caution that a reasonably prudent person would have used under the circumstances then and there prevailing; and

  (f) In violating the statutory and common laws regarding the operation of motor vehicles within the State of South Carolina.

15. As a direct and proximate result of the aforementioned acts of negligence, gross negligence, recklessness, willfulness, and wantonness on behalf of Collins, Plaintiffs suffered injuries to their persons that required expensive and extensive medical care and treatment.

16. As a further direct and proximate result of the aforementioned acts and/or omissions of Collins, Plaintiffs, and each of them, have incurred significant medical expenses for necessary evaluations and treatments, and they most probably will require additional treatment continuing into the future.

17. As a further direct and proximate result of the aforementioned acts and/or omissions of Collins, Plaintiffs, and each of them, endured, and continue to endure physical pain and suffering and loss of enjoyment of life.

18. As a direct and proximate result of the aforementioned acts of negligence, gross negligence and recklessness by Collins, the Plaintiffs, and each of them, have suffered loss of wages.

19. As a direct and proximate result of the aforementioned acts of negligence, gross negligence and recklessness by Collins, Plaintiffs' motorcycle was a total loss, causing them to suffer expense, loss of use, inconvenience, and aggravation.

20. Plaintiffs are informed and believe that they are entitled to be compensated for all damages suffered as a result of Collins' recklessness and negligence, and that an award of punitive damages is warranted.

## FOR A SECOND CAUSE OF ACTION AND A FIRST AS TO DEFENDANT GAMMILL, INC.
### (*RESPONDEAT SUPERIOR*)

21. The foregoing allegations contained in this Complaint are incorporated by reference herein as fully as if restated verbatim.

22. Collins was, upon information and belief, at all times relevant hereto the agent, servant and/or employee of Gammill. Pursuant to the Doctrine of *Respondeat Superior* Gammill is liable for the negligent acts and/or omissions of Collins.

**FOR A THIRD CAUSE OF ACTION AND A SECOND
AS TO DEFENDANT GAMMILL, INC.
(NEGLIGENT HIRING, TRAINING, AND SUPERVISION)**

23. The foregoing allegations contained in this Complaint are incorporated by reference herein as fully as if restated verbatim.

24. Gammill owed a duty to the public, and specifically Plaintiffs, to exercise reasonable care in the hiring, training, and supervision of its employees and/or contractors who would be driving commercial vehicles within the course or scope of their employment or contract with Gammill.

25. In hiring Collins, Gammill had a duty to investigate his background thoroughly to ensure his fitness to serve as an employee and/or contractor for Gammill as well as a duty to ensure that Collins was familiar with the general standards of care expected of Gammill's employees and/or contractors and the policies and procedures, if any, promulgated by Gammill.

26. Furthermore, Gammill had a duty after the hiring of Collins to take appropriate corrective action if and when Collins violated policies and procedures and to document his employment file accordingly.

27. Gammill breached its duty of care and otherwise acted negligently, grossly negligent, reckless, willful and wanton including, but not limited to, the following particulars, to wit:

    (a) In hiring or contracting with Collins;

    (b) In failing to properly determine Collins' requisite skill and aptitude for operating a truck such as was the subject of this incident;

    (c) In failing to properly train Collins;

    (d) In failing to properly supervise Collins;

(e)     In such other particulars as the evidence in this case may demonstrate;

All of which were the direct and proximate result of the injuries and damages suffered by Plaintiffs in this collision.

28.     As a direct and proximate result thereof, Plaintiffs are informed and believe that they are entitled to recover both compensatory and punitive damages from the Defendants, and each of them, in such amounts as determined appropriate by a jury at the trial of this case.

**FOR A FOURTH CAUSE OF ACTION**
**AS TO BOTH DEFENDANTS**
**(LOSS OF CONSORTIUM- CAMERON CROW BAGWELL)**

29.     The foregoing allegations contained in this Complaint are incorporated by reference herein as fully as if stated verbatim.

30.     That as a result of injuries to Plaintiff Corey Darren Bagwell, Plaintiff Carmeron Crow Bagwell was deprived and continues to be deprived of the society, companionship, consortium, and services of her husband, Plaintiff Corey Darren Bagwell.

31.     Accordingly, Plaintiff Cameron Crow Bagwell has been damaged and believes that she is entitled to judgment against the Defendants for compensatory damages in regard to her loss of consortium claim in such amount as determined appropriate by the jury at the trial of this case.

**FOR A FIFTH CAUSE OF ACTION**
**AS TO BOTH DEFENDANTS**
**(LOSS OF CONSORTIUM- COREY DARREN BAGWELL)**

32.     The foregoing allegations contained in this Complaint are incorporated by reference herein as fully as if stated verbatim.

33. That as a result of injuries to Plaintiff Cameron Crow Bagwell, Plaintiff Corey Darren Bagwell was deprived and continues to be deprived of society, companionship, consortium, and services of her husband, Plaintiff Cameron Crow Bagwell.

34. Accordingly, Plaintiff Corey Darren Bagwell has been damaged and believes that he is entitled to judgment against the Defendants for compensatory damages in regard to his loss of consortium claim in such amount as determined appropriate by the jury at the trial of this case.

## JURY TRIAL REQUEST

35. The foregoing allegations contained in this Complaint are incorporated by reference herein as fully as if stated verbatim.

36. Plaintiffs, herein, and each of them, are informed and believe that they are entitled to a trial by jury of this case as a matter of right and do hereby claim their right to such trial by jury.

**WHEREFORE,** the Plaintiffs herein, and each of them, pray for judgment against the Defendants, and each of them, for both compensatory and punitive damages in amounts to be determined appropriate by a jury at the trial of this case, for the costs of this action, and for such other and further relief as this Court deems just and proper.

*[Signature Page to Follow]*

**HARRISON|WHITE, P.C.**

s/ John B. White, Jr.
John B. White, Jr. (Fed. ID. No. 4619)
Ryan F. McCarty (Fed. ID No. 12422)
Griffin L. Lynch (Fed ID No. 09580)
178 W. Main Street (29306)
P.O. Box 3547
Spartanburg SC 29304
(864) 585-5100- Phone
(864) 542-2993- Fax
jwhite@spartanlaw.com
rmccarty@spartanlaw.com
glynch@spartanlaw.com

Attorneys for Plaintiffs

Spartanburg, South Carolina

October 30, 2019